# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# at GREENEVILLE

| | | |
|---|---|---|
| **DAVID DANIEL BROCK** | ) | |
| | ) | |
| v. | ) | NO. 2:09-CV-75 |
| | ) | *Greer/Inman* |
| **HAMBLEN COUNTY DETENTION CTR.** | ) | |

## MEMORANDUM and ORDER

David Daniel Brock, a prisoner in the Hamblen County Detention Center [HCDC], brings this *pro se* civil rights action for injunctive relief under 42 U.S.C. § 1983. Plaintiff's applications to proceed *in forma pauperis* are **GRANTED**. [Docs. 1, 6]. However, since plaintiff is a prisoner, he is **ASSESSED** the full filing fee of three hundred, fifty dollars ($350.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1] The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Plaintiff has submitted a notarized statement, bearing the signature of Scott A. Williams, a HCDC officer, stating that the facility does not keep prisoner commissary accounts. [Doc. 6, Attach. 1]. Even though plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee, he has been assessed such a fee and this constitutes a financial obligation on his part. Moreover, the assessment and installment provisions of this order remain in full force should plaintiff be transferred to a facility which maintains trust accounts for inmates.

$10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office.[2] *McGore*, 114 F.3d at 607.

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where plaintiff is now confined. This order shall by placed in plaintiff's prison file and follow him if he is transferred to another correctional institution.

The relief section of the complaint contains plaintiff's statement of claims:

> "Hamblen County Jail is not doing proper nurse request forms or seeing inmates or handing out my meds right that I pay for being a state inmate. I also do not live in a proper sanatry [sic] inverment [sic]. I hae [sic] been here for 4 mth [sic] and only been outside 1 time. When I ask for them to fil [sic] my meds they will not see me or do it. I have been denied soap, teethpast [sic], deoderant [sic] on more than several occasions. I have more I will tell the lawyer when I see him or her. thank you for your help." Compl. at 4 ¶IV.

The Court infers that the plaintiff is asserting three main claims under the Eighth Amendment to the United States Constitution—one for denial of medical care and two for wrongful housing conditions.

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or whether monetary damages

---

[2] Send the payments to:
    Clerk, USDC
    220 West Depot Street, Suite 200
    Greeneville, TN 37743

are sought from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) and § 1915A.

At the outset, the only defendant named in the complaint is the Hamblen County Detention Center [HCDC].  However this defendant is a non-suable entity because it is a building and not a "person" within the meaning of § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 (1978); *Cage v. Kent County Correctional Facility*, 1997 WL 225647, *1 (6th Cir. May 1, 1997).

Plaintiff's first set of contentions involves his medical treatment.  He alleges that the HCDC medical care delivery system is deficient with respect to nurse request forms and seeing inmates.  Plaintiff further alleges that medications for his unspecified condition are not being dispensed correctly, though he [or the State] has paid for those medications.  Plaintiff's third assertion along these lines is that, when he asks that his medications be filled, "they" will not see him and will not do it.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment, which implicates the Eighth Amendment.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  In order to prove an Eighth Amendment violation in a medical context, an inmate must show that prison authorities have been deliberately indifferent to his serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97 (1976).  Also, an Eighth Amendment claim has both an objective and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The objective component requires the plaintiff to show a "sufficiently serious" deprivation.  *Id.*  A medical need may be objectively serious if even a lay person would recognize the

seriousness of the need for medical care. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). The subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer*, 511 U.S. at 842. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to the inmate. *Id*.

Unfortunately for plaintiff, he has failed to advance any allegations of fact to show the nature of the malady from which he suffers and which is being treated by medication. Without some description or indication of his symptoms or the condition for which he was denied medical care, plaintiff has not demonstrated a sufficiently serious deprivation. Since plaintiff has not established that he had a serious medical need, much less that any individual evidenced a state of mind of deliberate indifference, he fails to state an Eighth Amendment claim for the denial of medical care.

Moreover, to the extent that plaintiff's allegation that inmates are not being seen by medical care providers can be read as asserting that the rights of other inmates are being infringed by this omission, any such a claim fails. The plaintiff has standing to assert his own rights, not those of other inmates. *Whitmore v. Arkansas*, 495 U.S. 149 (1990).

Plaintiff's remaining contentions involve conditions of confinement. His initial argument in this category of claims is that the HCDC is unsanitary. A prisoner may not be denied his basic needs, including hygiene. *Estelle*, 429 U.S. at 104. To succeed on a claim of inhumane housing conditions, the plaintiff must demonstrate that the questioned condition

4

posed a substantial serious risk to his health or safety to which a defendant was deliberately indifferent. *Farmer*, 511 U.S. 834, 842. Where prison conditions are concerned, a "substantial serious risk" is one which denies the prisoner "the minimum civilized measure of life's necessities." *Id.* at 834.

This claim is not backed up by any allegations of fact describing the purported unsanitary environment at the HCDC and, therefore, plaintiff's contentions are conclusory. Conclusory allegations, as are these, do not state a claim for relief under § 1983. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

Even if the Court assumes, but does not find, that the unidentified unsanitary conditions expose plaintiff to a substantial risk of harm, he still must show deliberate indifference. Plaintiff does not maintain that any jail officer or official was aware of the supposed unsanitary conditions or that anyone affiliated with the HCDC disregarded a substantial risk. Absent some factual descriptions or contentions demonstrating deliberate indifference, plaintiff cannot sustain the subjective element of his Eighth Amendment claim. *Wilson*, 501 U.S. at 302-03 (An inmate who claims that his living conditions amount to cruel and unusual punishment must establish that defendants possessed the requisite mental state).

The same is true of plaintiff's next contention—that on "more then [sic] several occasions," he has been denied soap, toothpaste, and deodorant. Essential information is missing from this claim, including the approximate dates plaintiff was denied those hygiene products, the identity of the person(s) who denied those items, the length of time plaintiff was deprived of those items, and whether those deprivations prevented him from maintaining

5

personal hygiene or otherwise harmed him. In other words, the complaint lacks details which would enable to Court to evaluate the viability of the claim. *Id.* (A claim must be supported by allegations of fact; bare contentions are insufficient.). As indicated earlier, conclusory claims such as these do not state a valid § 1983 claim. *Smith v. Rose*, 760 F.3d 102, 106 (6th Cir. 1985).

The final claim is that plaintiff has been allowed outdoor exercise only once during his four months' incarceration. The deprivation of a prisoner's basic human needs, such as food, warmth, or exercise, offends the Eighth Amendment. *Wilson*, 501 U.S. at 304. While the Sixth Circuit has not established a constitutional minimum exercise time which a prisoner must be provided, *Rodgers v. Jabe* 43 F.3d 1082, 1086 (6th Cir.1995), it has held that "a total or near-total" exercise deprivation, absent penological justification, impinges on an inmate's Eight Amendment right. *Patterson v. Mintzes,* 717 F.2d 284, 289 (6th Cir. 1983). Nevertheless,"[t]he Eighth Amendment does not outlaw cruel and unusual 'conditions;' it outlaws cruel and unusual 'punishments.' An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage . . . [but] cannot . . . be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 837-38.

The latter element, i.e. "knowledge of a significant risk of harm," is what is missing here. Plaintiff has made no allegation that any individual HCDC jailer, officer, or official individual actually knew that plaintiff was being denied the opportunity for outdoor exercise, and without such an allegation, his claim fails. *Id.* at 838 ("Our cases mandate

inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment.").

A court is not required to conjure up unpleaded facts to save a complaint from dismissal, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); the burden of pleading facts that, if true, will support a constitutional violation lies with a plaintiff. Plaintiff has not carried that burden.

By separate order, this case will be dismissed for failure to state a claim entitling the plaintiff to relief under § 1983. 28 U.S.C. § 1915(e)(2) and § 1915A.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE